| | | |
|---|---|---|
| LAWRENCE M. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-2714 SPM |
| | ) | |
| KENNETH JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Lawrence M. Edwards for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint, the Court will dismiss this matter for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### Filing Fee

Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment then installment payments over time deducted from a prison account. However, a non-prisoner plaintiff can litigate without payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

When plaintiff filed this case on October 3, 2019, he stated that he was currently residing at a Transitional Center in St. Louis, Missouri. ECF No. 1 at 1. However, his motion to proceed *in forma pauperis* filed the same date, stated that he was incarcerated at Western Reception, Diagnostic and Correctional Center. ECF No. 2 at 1. On November 14, 2019, plaintiff filed a

change of address notice with the Court, stating that he was currently residing at 1621 N. First Street Saint Louis, Missouri 63102 – which is the St. Louis Community Release Center. ECF No. 5. Also, as of January 27, 2020, the Missouri Department of Corrections Offender database lists plaintiff as assigned to the District 12 Probation and Parole office. The Court concludes that plaintiff is no longer incarcerated at a prison facility in which he maintains a prison account for deduction of installment payments of the filing fee.

Plaintiff's financial information submitted in support of his motion to proceed *in forma pauperis* states that he has no employment, savings, or income. ECF No. 2. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Plaintiff's motion to proceed without prepayment of fees or costs will be granted.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging first and fourteenth amendment violations of "procedural due process, discrimination, and retaliation." ECF No. 1 at 4 ¶ 14. Plaintiff asserts that the Missouri Department of Corrections ("MDOC") defendants purposefully delayed his start of Phase II of the Missouri Sex Offender Program ("MOSOP"), causing him to lose his good-time credit release date and prolonging his incarceration.

Plaintiff lists just one defendant in the caption of his complaint: Kenneth Jones. ECF No. 1 at 1. However, in the "Defendants" section of this complaint, he names an additional nine defendants including: (1) Robert Gould (Former MOSOP Director); (2) Steven Pfister (Assistant MOSOP Director); (3) Amy Griffith (MDOC Clinical Director): (4) Erin Gould (MDOC Manager of Operations); (5) Scott O'Kelley (MDOC Director of Rehabilitative Services); (6) Michael White (MOSOP Case Manager); (7) Kenneth Hovis (MOSOP Case Manager); (8) Joann

Weston (MOSOP Case Manager)[1]; and (9) Michael Roberson (MOSOP Therapist). *Id.* at 1-2. Plaintiff names these nine defendants in both their individual and official capacities.

Plaintiff states that he completed Phase I of MOSOP on February 28, 2016, and subsequent to his completion, he was put on the Phase II waiting or referral list. However, plaintiff did not begin Phase II of the program until January 29, 2018. According to plaintiff, this almost two-year delay in starting Phase II caused him to lose his good-time credit release date from incarceration. Plaintiff alleges that the purposeful delay was due to discrimination (although he does not state the basis for the discrimination) and in retaliation for the filing of grievances. Plaintiff asserts that the loss of the good-time credit release date violated his liberty interest in that he had no procedural due process protections, such as a hearing.

For relief, plaintiff seeks a credit of two-and-one-half years deducted from this remaining four years on parole, and money damages. ECF No. 1 at 12, 14.

## Background[2]

### A. Plaintiff's Prior Missouri State Court Case

This Court is not the first to encounter plaintiff's issue with MOSOP and his potential early release date. On June 17, 2016, plaintiff filed a petition in Cole County Circuit Court titled "Declaratory Judgment & Injunctive Relief." *See Edwards v. McSwain, et al.*, Case No. 16-AC-CC00262 (19th Circuit, Cole County) (filed June 17, 2016) ("prior state court case"). Plaintiff later summarized his thirty-page petition as follows:

---

[1] Plaintiff describes defendant Joann Weston as a MOSOP Case Manager II in the "Defendants" section of the complaint; however, in his "Statement of Genuine Issue of Facts," he describes her as a MOSOP Clinical Director. ECF No. 1 at 2 ¶ 11, 9 ¶ 34-35.

[2] As stated by plaintiff on his "Original Filing Form" (ECF No. 1-2), this case is related to another case plaintiff filed in this Court: *Edwards v. McSwain*, No. 4:17-CV-2179-AGF (E.D. Mo. filed July 28, 2017) (closed June 20, 2019) ("*Edwards I*"). The Court in *Edwards I* issued an order on September 28, 2018, which detailed the background of plaintiff's court history of litigation on the subject of the delay in his Phase II MOSOP start. *See Edwards I*, ECF No. 84. The first two sections of this Background information are taken from that *Edwards I* Order.

This complaint is being filed against MoSop officials who acted in concert with Modoc officials to prevent the Petitioner from participating in Phase II, so not to be considered by Probation & Parole for his Good Time Eligibility Date of 2/23/17, and postponed his participation altogether even though Petitioner had been placed into Phase I 14-16 months of his earliest possible release date of 2/23/2017 and complete[d] Phase I, sometime around 3/2016. Petitioner was informed by MoSop officials named in complaint that he now must wait until he is 14-16 months from his Conditional Release Date of 8/23/2019, which is almost 2 ½ years from now.

. . .

Respondents [including defendants Michael White and Robert Gould] knew that Petitioner had been tracked by his GTE date, and … issued a notice to start Phase I on February 11, 2016 only to postpone his enrollment in Phase II, to discriminate against him for exercising his Constitutional rights against Modoc FUM Wendy Dashner and Modoc—Former Sgt. James Ford's harassment/retaliation of Petitioner . . . to effectively "chill" his First Amendment right to seek civil/judicial redress which upset these Modoc/MOSOP officials, and why the sudden deactivation and prevention in Phase II . . . .

Pet.'s Opp'n to Defs.' Mot. to Dismiss at 1-3, Case No. 16AC-CC00262 (Cole Cty. Cir. Ct., filed Oct. 11, 2016).

The Circuit Court of Cole County granted defendants White and Gould's motion for judgment on the pleadings. The court found, as a matter of law, that plaintiff had no liberty interest in completing MOSOP by any certain date. Plaintiff appealed this determination, and the Missouri Court of Appeals for the Western District of Missouri affirmed.

B. <u>Plaintiff's Prior Federal Case</u>

Plaintiff has also brought First Amendment retaliation claims against defendants White, Gould, and Semar[3] in a prior case in this Court, *Edwards v. Villmer, et al.*, Case No. 4:16-CV-1077-RLW (E.D. Mo. filed June 27, 2016) ("prior federal case"). Plaintiff's case as to defendants White, Gould, and Semar was dismissed without prejudice as conclusory on preservice initial review under 28 U.S.C. § 1915(e). *See id.* at ECF No. 9. These defendants were never served. More than a year later, the Court entered summary judgment in favor of the

---

[3] The Court notes that Les Semar, a Functional Unit Manager at Farmington Correctional Center, was not named as a defendant in this matter.

remaining defendants, Wendy Dashner and James Ford (correctional officers at Farmington Correctional Center ("FCC")), on plaintiff's claims of First Amendment retaliation. Plaintiff filed two extensions of time to file a notice of appeal, but ultimately did not file his notice of appeal.

C. Plaintiff's Other Prior Federal Case: *Edwards I*

In *Edwards I*, filed in this Court on July 28, 2017, plaintiff alleged First Amendment retaliation claims against six defendants based on his delayed start of Phase II, including four defendants named in this case: Robert Gould, Kenneth Hovis, Michael White, and Scott O'Kelley. Upon initial review of the complaint under 28 U.S.C. § 1915(e), the Court allowed only plaintiff's retaliation claims against three of the defendants, including White and Gould, to proceed. Defendants Hovis and O'Kelley were dismissed because the Court found that plaintiff had not asserted that they were directly involved in plaintiff's alleged constitutional violations. *Edwards I*, ECF No. 15. The Court later summarized plaintiff's claim as follows:

> Plaintiff has been incarcerated in the Missouri state prison system since 1995. Because he is a sex offender, he is required by Missouri statute to participate in the Missouri Sex Offender Program ("MOSOP") before he can be eligible for parole or conditional release. Plaintiff had a good time eligibility ("GTE") release date of February 23, 2017, and has a conditional release date ("CRD") of August 23, 2019. If he were to serve his full sentence, without regard to good time credits and conditional release, he would not be eligible for release until 2024.

> MOSOP is conducted in three phases, all of which need to be completed for eligibility for early release. According to Missouri Department of Corrections ("MODOC") policy, an offender should typically be placed in MOSOP within fourteen to sixteen months of the "earliest presumptive release date," which plaintiff alleges is an offender's GTE date, not his CRD.

> Plaintiff started Phase I of MOSOP on February 11, 2016, and completed it in March 2016. He alleges he was to begin Phase II within fourteen to sixteen months of his GTE release date of February 23, 2017. Instead, he states he was retaliated against by FCC and MOSOP officials, and these officials purposefully miscalculated his entry into Phase II to begin within fourteen to sixteen months of his CRD on August 23, 2019, which is two and a half years later than his GTE date. Plaintiff did not start Phase II of MOSOP until January 29, 2018—nearly two years after his completion of Phase I, and nearly one year after his GTE

> release date. Because of this retaliation, plaintiff states that he will be spending an additional two and a half years in prison. He seeks compensatory damages in the amount of $150,000 and punitive damages in the amount of $250,000.

*Id.*, ECF No. 84 at 1-2.  The Court examined the prior state court case and determined that res judicata did not bar plaintiff's retaliation claims because the state court "based its ruling entirely on the fact that plaintiff had no liberty interest in early release from prison, and no liberty interest in being scheduled to complete MOSOP by a particular date." *Id.* at 9.  However, the Court ultimately granted defendant White's motion to dismiss and defendant Gould's motion for judgment on the pleadings, finding that plaintiff failed to state a plausible claim of First Amendment retaliation against the two defendants. *Id.* at 11-17.

### Discussion

The Court finds that plaintiff's complaint in this matter is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Plaintiff's allegations against defendants Kenneth Jones, Steven Pfister, Robert Gould, Amy Griffith, Erin Gould, and Joann Weston are insufficient to state valid § 1983 claims.  Plaintiff's claims against defendants Scott O'Kelley, Michael White, Kenneth Hovis, and Michael Roberson are barred from relitigation by res judicata.  Therefore, this case will be dismissed.

A. <u>Defendants Kenneth Jones and Steven Pfister</u>

Plaintiff names Kenneth Jones in the caption of his complaint but Jones is not included in the list of Defendants nor are there any allegations against him in the body of the complaint. Similarly, plaintiff names defendant Steven Pfister in the "Defendants" section of his complaint, but he states no allegations of wrongdoing against him.  Basically, plaintiff merely names these defendants without alleging that they did anything to violate his rights.  As a result, plaintiff's claims against defendants Kenneth Jones and Steven Pfister will be dismissed for failure to state a claim. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges

no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); s*ee also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

B.  <u>Defendants Robert Gould, Amy Griffith, Erin Gould, and Joann Weston</u>

Plaintiff only mentions defendant Robert Gould, former MOSOP Director, one time in the allegations of his complaint.  Plaintiff asserts that Gould was aware of the delay in plaintiff starting Phase II based on a letter plaintiff received from defendant O'Kelley in June 2016.  *See* ECF No. 1-3 at 184.  Similarly, plaintiff only states one claim against defendants Amy Griffith and Erin Gould: that they were "at all times aware of the adverse actions taken against plaintiff and did nothing as their subordinates circumvented and manufactured the guidelines … to the point that plaintiff lost his good time eligibility date."  ECF No. 1 at 11 ¶ 42.  As for defendant Joann Weston, plaintiff simply states that she told plaintiff and plaintiff's wife in May of 2017 that plaintiff would start Phase II of MOSOP in August of 2017.  *Id.* at 9 ¶ 34-35.  These allegations are insufficient to state valid claims under § 1983.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory."  *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).  To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that

deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Here, plaintiff makes no allegations that defendants Robert Gould, Amy Griffith, Erin Gould, and Joann Weston were personally involved in or directly responsible for a violation of his rights. The June 2016 O'Kelley letter referred to by plaintiff, simply mentions that plaintiff's wife has been in contact with defendant Gould. *See* ECF No. 1-3 at 184. Plaintiff makes no allegation that defendant Gould personally violated his rights, and the June 2016 letter provides no support for such an assertion. Plaintiff alleges that Amy Griffith and Erin Gould supervised subordinates that allegedly violated his rights, but a supervisor cannot be liable under § 1983 for the actions of a subordinate simply because he or she is a supervisor. Finally, plaintiff claims Joann Weston gave him information that turned out to be incorrect – this is not a deprivation of a constitutional right. These allegations do not state claims under § 1983. As a result, plaintiff's claims against defendants Robert Gould, Amy Griffith, Erin Gould, and Joann Weston will be dismissed for failure to state a claim.

### C. Defendants Scott O'Kelley, Michael White, Kenneth Hovis, and Michael Roberson

Plaintiff alleges that he corresponded by mail with defendant Scott O'Kelley concerning his release date and Phase II scheduling. ECF No. 1 at 6-7 ¶ 25, 27, 29. Plaintiff asserts that O'Kelley "fabricated" plaintiff's conditional release date in violation of MOSOP policy. *Id.* at 7 ¶ 27. Plaintiff asserts that defendant Michael Roberson, an MOSOP Therapist, told him that he would start Phase II on or about March or April 2016. ECF No. 1 at 5 ¶ 18. Plaintiff claims that Roberson did not follow MOSOP guidelines when he denied plaintiff a hearing before the treatment team for a placement evaluation review. *Id.* at 6 ¶ 22.

Plaintiff also alleges that defendants White and Hovis, both MOSOP Case Managers, violated MOSOP policies by discriminating against him and not advancing him into Phase II. *Id.*

at 5 ¶ 21.  Plaintiff argues that MOSOP policy requires placement in Phase II approximately 12 months prior to the offender's "earliest" release date, whereas defendant Hovis told plaintiff that the policy says that an offender "should typically" be placed in Phase II within 12 months of their "actual" release date.  *Id.* at 5 ¶ 20.  Plaintiff asserts that White and Hovis "deactivated plaintiff's Phase II entry enrollment and placed him back on referral list unlawfully."  *Id.* at 6 ¶ 22.  Furthermore, plaintiff alleges that all four defendants acted in concert or conspired together to violate his rights by delaying his Phase II start.  *Id.* at 7 ¶ 27, 30, 8 ¶ 31, 13 ¶ 45.

In summary, plaintiff's allegations concerning these four defendants are comprised of two main claims based on plaintiff's delayed Phase II start: due process violations and retaliation.[4]  The Court finds that both of these claims have already been litigated and decided such that they are barred by res judicata from being raised again.

The Eighth Circuit has discussed the intersection of issue preclusion and claim preclusion.  "Res judicata incorporates the concepts of both issue preclusion and claim preclusion.  Issue preclusion[5] refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.  A party is precluded from litigating such a matter in a subsequent case."  *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (internal citations and quotations omitted).  This principle of res judicata applies in the context of § 1983

---

[4] The Court notes that plaintiff mentions retaliation in the "Statement of Genuine Issue of Fact" section of his complaint but he does not detail any retaliation claim in the "Legal Claims" section.  *See* ECF No. 1 at 4 ¶ 14, 12 ¶ 47-48.  However, it an attempt to liberally construe this *pro se* complaint, retaliation claims will be included.

[5] Issue preclusion has five elements:
  (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
  (2) the issue sought to be precluded must be the same as the issue involved in the prior action;
  (3) the issue sought to be precluded must have been actually litigated in the prior action;
  (4) the issue sought to be precluded must have been determined by a valid and final judgment; and
  (5) the determination in the prior action must have been essential to the prior judgment.
*Sandy Lake*, 714 F.3d at 1102-03.

claims and acts as a bar to the relitigation of constitutional issues. *Robbins v. Dist. Ct. of Worth Cty., Iowa*, 592 F.2d 1015, 1017-18 (8th Cir. 1979).

The prior state court case ruled that plaintiff had no liberty interest in early release from prison, and no liberty interest in being scheduled to complete MOSOP by a particular date. *See Edwards v. McSwain*, Case No. 16-AC-CC00262 (19th Circuit, Cole County). The court said: "[E]ven if Missouri prison officials have delayed Edwards's participation in the MOSOP, that delay is not an atypical and significant deprivation that would implicate Edwards's due process rights. Therefore . . . there is no legal theory under which Edwards could prevail." *Id.,* Mem., Order, and J. (Cole Cty. Cir. Ct. filed Dec. 6, 2016). Plaintiff was a party in this prior state court case; the state court case involved the same due process issue; and the due process issue was actually litigated, determined by a final judgment, and essential to state court judgment. Therefore, the prior state court ruling precludes the relitigation of the issue of whether plaintiff's due process was violated by his delayed entry into MOSOP Phase II.

Similarly, this Court's decision in *Edwards I* bars any further litigation based on plaintiff's claims of retaliation. Plaintiff does not detail the allegations of any retaliation claim in his complaint nor name a specific defendant. However, liberally construing this *pro se* complaint and attachments, the Court interprets plaintiff as asserting that his delayed Phase II start was in retaliation for his grievance filings. *See* ECF No. 1-3 at 28, 33-34, 54. Based on the Court's review of plaintiff's attachments to the complaint including grievance filings, the Court can discern only defendant White being mentioned in relation to retaliation claims. *Id.* at 30-31, 35, 42, 53, 64, 73-74, 78-82, 121. This Court considered plaintiff's First Amendment retaliation claims against defendant White in *Edwards I. See Edwards v. McSwain*, No. 4:17-CV-2179-AGF, ECF No. 84. The Court granted defendant White's motion to dismiss, finding plaintiff failed to state a plausible claim for First Amendment retaliation. That decision involved the

same parties and actually litigated the same retaliation issue. The *Edwards I* decision was final and the retaliation issue was essential to the judgment. Plaintiff's retaliation claim is barred from relitigation here by res judicata.

Because all of plaintiff's allegations fail to state a valid § 1983 claim for relief, or are barred from relitigation by res judicata, this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. The filing fee will be waived.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to update the docket sheet in this matter to reflect the following ten defendants: Kenneth Jones, Robert Gould, Steven Pfister, Amy Griffith, Erin Gould, Scott O'Kelley, Michael White, Kenneth Hovis, Joann Weston, and Michael Roberson.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of January, 2020.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE